FILED

NOV - 8 2005

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| THADDEUS EUGENE SMITH,<br><br>          Petitioner,<br><br>          v.<br><br>TOM CAREY, Warden,<br><br>          Respondent. | Case No. SACV 05-00379-ABC (MLG)<br><br>REPORT AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE JUDGE |

## I.   Background

Petitioner is a state prisoner.  He filed the present petition for writ of habeas corpus on March 30, 2005.  Because the petition is time-barred by the applicable 1-year statute of limitations, the petition should be dismissed.

On June 13, 1995, a jury in the Orange County Superior Court convicted Petitioner of one count of attempted voluntary manslaughter (Cal. Penal Code §§ 694/192(a)) and one count of felon in possession of a weapon. (Cal. Penal Code § 12021(a)).  Petitioner admitted two prior prison term allegations (Cal. Penal Code § 667.5(b)) and admitted that he had suffered a prior serious or violent felony



DOCKETED ON CM

NOV - 8 2005

BY _____



1  conviction within the meaning of California's Three Strikes Law. Cal.
2  Penal Code § 667(b)-(i).  The trial court found that petitioner had
3  an additional strike conviction under Cal. Penal Code § 667.5(b)(i).
4  On August 10, 1995, Petitioner was sentenced to a total prison term
5  of thirty-nine years to life.

6      Petitioner appealed his convictions.  In an unpublished opinion,
7  the California Court of Appeal affirmed the convictions but remanded
8  the case to allow the trial court to decide whether to exercise its
9  discretion to dismiss one or more of the prior "strike" convictions.
10 Petitioner then filed a petition for review in the California Supreme
11 Court, which was apparently granted and the case was remanded, again
12 for sentencing review.  On December 17, 1999, the trial court denied
13 the request to dismiss the prior strike convictions for sentencing
14 purposes and Petitioner was re-sentenced to a prison term of thirty-
15 nine years to life.

16     Petitioner filed a second notice of appeal on December 20, 1999.
17 He apparently retained attorney James Joseph Lynch to represent him
18 in this appeal.  The California Court of Appeal affirmed the judgment
19 on October 18, 2001. (Lodgment 1).  The California Supreme denied
20 review on January 3, 2002. (Lodgment 2).  Attorney Lynch then filed
21 a petition for writ of certiorari in the United States Supreme Court.
22 That petition was denied on May 20, 2002. (Lodgment 3).

23     Petitioner claims that Lynch never informed him of the denial of
24 certiorari by the United States Supreme Court. He alleges that Lynch
25 refused to return phone calls made by Petitioner's father or answer
26 letters sent by Petitioner inquiring about the status of the case.
27 Petitioner states that in June 2003, he spoke with Lynch on the
28

1   telephone.  He claims that Lynch sounded disoriented and confused,
2   did not seem to remember Petitioner and told Petitioner that he had
3   withdrawn as counsel and was not representing him anymore. (Petition,
4   p. 5).  On June 14, 2003, Petitioner wrote a letter to the Clerk of
5   the United States Supreme Court asking for information about the
6   status of his certiorari petition.   On or about July 1, 2003,
7   Petitioner received a communication from the United States Supreme
8   Court informing him that the petition for writ of certiorari had been
9   denied on May 20, 2002.

10      On November 19, 2003 Petitioner filed a *pro se* petition for writ
11  of habeas corpus in the Orange County Superior Court, raising new
12  claims for relief. (Lodgment 4).   The superior court denied the
13  petition on December 12, 2003 in a written decision. (Lodgment 5).
14  The superior court specifically found that the petition was untimely
15  and that it was a successive petition, citing *In re Clark*, 5 Cal.4th
16  750, 765, 767-69 (1993).  On March 11, 2004, Petitioner filed a *pro*
17  *se* petition for a writ of habeas corpus with the California Court of
18  Appeal, (Lodgment 6), which was summarily denied.   (Lodgment 7).
19  Finally, on April 2, 2004, Petitioner filed a *pro se* habeas corpus
20  petition in the California Supreme Court, (Lodgment 8), which was
21  denied by the court on March 2, 2005 with a citation to *In re*
22  *Robbins*, 18 Cal.4th 770, 780 (1998), which stands for the proposition
23  that habeas corpus petitions must be timely filed. (Lodgment 9).

24      On March 30, 2005, Petitioner filed the instant petition in the
25  United States District Court for the Eastern District of California.
26  The petition was transferred to this court on April 12, 2005.  On May
27  31, 2005, Respondent filed an answer to the petition, contending that
28

3

1  the petition is time-barred by the one-year statute of limitations
2  set out in the Antiterrorism and Effective Death Penalty Act of 1996
3  ("AEDPA").[1]

4      Petitioner filed an opposition to the motion on June 20, 2005
5  and a supplemental response on June 23, 2005, contesting the
6  untimeliness claim.  Petitioner contends the limitations period
7  should be equitably tolled from May 20, 2002 to July 2003 because his
8  attorney failed to inform him that the petition for writ of
9  certiorari had been denied by the United States Supreme Court and
10 because he did not learn of the denial until July, 2003.  Petitioner
11 further claims that he is entitled to the benefit of statutory
12 tolling beginning on November 19, 2003 when he filed his first habeas
13 petition in the Orange County Superior Court through March 2, 2005
14 when the California Supreme Court denied his last petition for writ
15 of habeas corpus.  The motion to dismiss is now ready for decision.

16

17 **II.  Discussion and Analysis**

18     The petition must be dismissed.  AEDPA's statute of limitations
19 applies to Petitioner's presentation of claims in this Court as it
20 was filed after April 24, 1996, the date of AEDPA's enactment.  *Lindh*

21 _____

22      [1] 28 U.S.C. § 2244(d)(1) states:  A 1-year period of limitation
   shall apply to an application for a writ of habeas corpus by a person
23 in custody pursuant to the judgment of a State court.  The limitation
   period shall run from the latest of — (A) the date on which the
24 judgment became final by the conclusion of direct review or the
   expiration of the time for seeking such review; (B) the date on which
25 the impediment to filing an application created by State action in
   violation of the Constitution or laws of the United States is removed,
26 if the applicant was prevented from filing by such State action; (C)
   the date on which the constitutional right asserted was initially
27 recognized by the Supreme Court and made retroactively applicable to
   cases on collateral review; or (D) the date on which the factual
28 predicate of the claim or claims presented could have been discovered
   through the exercise of due diligence.

4

1    *v. Murphy*, 521 U.S. 320, 326-27 (1997); *Patterson v. Stewart*, 251

2    F.3d 1243, 1245 (9th Cir. 2001).  AEDPA amended 28 U.S.C. § 2244 to

3    impose a one-year statute of limitations on federal habeas petitions

4    by persons in custody pursuant to state court judgments.  *See*

5    *Patterson*, 251 F.3d at 1245; *Tillema v. Long*, 253 F.3d 494, 498 (9th

6    Cir. 2001).  Under section 2244(d)(1)(A), a petitioner has one year

7    from the date the state judgment becomes final by conclusion of

8    direct review or by the expiration of time for seeking such a review.

9    Where a petitioner pursues his direct appeals under California law,

10   the process of direct review does not conclude until either the

11   United States Supreme Court has denied review, or, if no petition for

12   certiorari is filed, when the ninety-day period for filing has

13   expired.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

14        Here the United States Supreme Court denied the petition for

15   writ of certiorari on May 20, 2002.  Accordingly, absent any

16   applicable equitable or statutory tolling which would extend the time

17   for filing, Petitioner had until May 20, 2003 in which to file this

18   federal habeas corpus petition.  *See Patterson*, 251 F.3d at 1245.

19

20   **A.    The Court Will Assume Without Deciding That Petitioner is**

21   **Entitled to Equitable Tolling From May 20, 2002 to July 1,**

22   **2003 Due to Counsel's Failure to Communicate the Denial of**

23   **the Petition for Writ of Certiorari.**

24        AEDPA's limitations provision is subject to equitable tolling

25   when "'extraordinary circumstances' beyond a prisoner's control make

26   it impossible to file a petition on time." *Calderon v. United States*

27   *Dist. Ct.* (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled

28   in part on other grounds by, *Calderon v. United States Dist. Ct.*

5

1  (Kelly), 163 F.3d 530 (9th Cir. 1998); *see also Lott v. Mueller*, 304
2  F.3d 918, 922 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063,1066-
3  67 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.
4  1999).   Petitioner contends the statute of limitations should be
5  equitably tolled because his attorney failed to inform him of the
6  Supreme Court's denial of his petition, which was the triggering date
7  for commencement of the one-year limitations period.

8      The Ninth Circuit has held that equitable tolling may be
9  warranted where an attorney retained to file a habeas petition
10  effectively abandons his client and fails to file the habeas petition
11  within the required period. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th
12  Cir. 2003).   Although the simple negligence of an attorney that
13  causes a client to miss the filing deadline will not merit the
14  application of equitable tolling, *see Frye v. Hickman*, 273 F.3d 1144,
15  1146 (9th Cir. 2001), where the attorney's misconduct is "sufficiently
16  egregious,  it  may  constitute  an  extraordinary  circumstance"
17  warranting tolling of AEDPA's limitations period.  *Spitsyn*, 345 F.3d
18  at 800; see also *Baldayaque v. United States*, 338 F.3d 145, 152-53
19  (2d  Cir.  2003)(holding  that  "sufficiently  egregious"  attorney
20  misconduct such as failing to abide by client's request to file
21  motion might constitute extraordinary circumstance).

22      However, the court will not resolve the issue of whether
23  counsel's conduct would entitle Petitioner to equitable tolling.
24  Even if this Court were to determine that the facts warranted the
25  application of the doctrine of equitable tolling due to counsel's
26  alleged abandonment, the habeas petition is still untimely.  Thus the
27  court assume without deciding that the one year limitations period
28  began to run on July 1, 2003, the date that Petitioner received

1  notice from the United States Supreme Court that his petition for
2  writ of certiorari was denied. Thus, under this analysis, Petitioner
3  had until July 1, 2004 in which to timely file his habeas corpus
4  petition. As noted, the petition was not filed until March 30, 2005.
5  Absent the benefit of some other basis for tolling, the petition is
6  untimely.

7

8     B.    **Because the California Courts Found that Petitioner's State**
9           **Petitions for Writs of Habeas Corpus Were Untimely Filed,**
10          **He Is Not Entitled to Tolling for the Period of Time Those**
11          **Petitions Were Pending or the Intervals Between Them.**

12        28 U.S.C. § 2244(d)(2) provides: "The time during which a
13  properly filed application for State post-conviction or other
14  collateral review with respect to the pertinent judgment or claim is
15  pending shall not be counted toward any period of limitation under
16  this subsection." *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.
17  Ct. 2120, 2129 (2001). Thus, the time during which a properly filed
18  state habeas petition is pending in state court, from the date of
19  filing to the date of decision, is tolled. *Gaston v. Palmer*, 417 F.3d
20  1030, 1036 (9th Cir. 2005). In addition, the gaps or intervals
21  between a lower court's entry of judgment and the timely filing of
22  an appeal or new petition in the next court is also ordinarily
23  tolled. *Id.*, (quoting *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002)).
24  Thus, if Smith's petitions were properly filed in the California
25  courts he would be entitled to tolling for the entire time between
26  the dates of November 19, 2003 and March 2, 2005 and this petition
27  would be timely.

28  \\

However, because Petitioner's state court petitions for writ of habeas corpus were denied as untimely, those petitions were not "properly filed" and therefore, Petitioner is not entitled to tolling for the period of time during which those petitions were pending nor the gaps/intervals between them. In *Pace v. DiGugliemo*, -U.S.-, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), the Supreme Court held that in order for a state habeas petition to be properly filed for the purposes of statutory tolling, the petition must be delivered and accepted in compliance with the laws and rules governing such filings. Thus, "when a state post-conviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *Id.* at 1812; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). Under such circumstances, the petitioner is not entitled to statutory tolling.

Here, both the superior court and the California Supreme Court rejected Petitioner's applications on the basis that they were untimely.[2] In denying the petition, the superior court specifically stated that Petitioner had failed to adequately explain the delay.[3] The California Supreme Court relied on that portion of *Robbins* which

[2] To the extent that the California Court of Appeal did not state a reason for it's denial, the court will look through that decision and find that it's denial was based upon the superior court's findings. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[3] Petitioner did explain the circumstances underlying the delay in a declaration attached to the petition filed in the superior court. (Lodgement 4, Declarations of Thaddeus Eugene Smith, John Hardney and Thad Smith). It was not discussed by the superior court in its decision. In his petitions to the California Court of Appeal and California Supreme Court, Petitioner specifically argued that any untimeliness was the result of the ineffective assistance of his attorney in failing to inform him of the denial of certiorari. (Lodgements 6 & 8). The same declarations were appended. This argument was not addressed by those courts. It is not this court's function to review these state law determinations.

8

1  stands for the proposition that habeas corpus petitions must be
2  timely filed.   There can be no question that the state courts found
3  that Smith's state habeas petitions were untimely.  Accordingly, they
4  were not properly filed within the meaning of § 2244(d)(2) and he is
5  not entitled to statutory tolling for the period from November 19,
6  2003 to March 2, 2005 under that provision. *Bonner*, 425 F.3d at
7  1149.[4]  At the latest, this petition was required to have been filed
8  on July 1, 2004.  Accordingly, this petition was untimely filed and
9  must be dismissed.

10

11 **III. Conclusion**

12      For the reasons stated, I conclude that Petitioner did not file
13 this federal habeas petition within AEDPA's 1-year limitations
14 period.  Accordingly, it is respectfully recommended that the Court
15 accept and adopt the findings and recommendations herein and DISMISS
16 the petition with prejudice.

17

18 Dated: November 7, 2005

19

20                                        Marc L. Goldman
                                          United States Magistrate Judge
21

22

23

24      [4] In *Bonner*, the court recognized the harshness of the result
   required by *Pace*. 425 F.3d at 1149.  This court does also.  Petitioner
25 has been diligent in his attempt to exhaust his remedies on the claims
   raised after the denial of the petition for writ of certiorari by the
26 United States Supreme Court. His attempts to exhaust those claims
   expended all of the time which he had to file a federal habeas corpus
27 petition. (Assuming again that he would be entitled to equitable
   tolling because of counsel's conduct).  However, such a result was
28 foreseen in *Pace* and found not to justify a different rule. *Id*. at
   1813; *Bonner*, 425 F.3d at 1149 fn. 20.